CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong,** | **Case No**. 2:18-cv-08857-AB-E |
| Plaintiff, | |
| v. | |
| **Meiloon Valley, LLC**, a California Limited Liability Company; **Kuan-Jung Lin; Kiet Tuan Huynh; RMB Management Group, Inc**., a California Corporation; **Ruth Wolman**; and Does 1-10, | **Plaintiff's Case Statement** |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed November 19, 2018, the plaintiff submits his Plaintiff's Case Statement.

**A.   Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are the lack of van-accessible parking space, lack of level parking, inaccessible

route of travel, walkway, transaction counter and inaccessible restroom mirrors and sink at the Adamas Jewelers, Cost Plus World Market, Las Palmas Mexican Seafood, M.Y.O Sushi, Zendejas Mexican Restaurant and Crumbs Carnival Treats located in San Dimas, California.

1. Lack of Van-accessible Parking Space:



- ❖ Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

- ❖ Here, the lack of a van parking space near Zendejas Mexican Restaurant is a violation of the law.
- ❖ The included photo of the Facility depicts the above violation.

2. Lack of Level Parking:



- ❖ Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards. 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. 2010

Standards § 502.4.
- ❖ Here, the failure to provide level parking that served Adamas Jewelers, Cost Plus World Market, Las Palmas Mexican Seafood, M.Y.O Sushi, Zendejas Mexican Restaurant and Crumbs Carnival Treats is a violation of the law.
- ❖ The included photo of the Facility depicts the above violation.

3. Lack of Accessible Route:



- ❖ Under the ADA, there must be at least one accessible route connecting every building on the same site. 2010 Standards § 206.2.2. Travel in the vehicular drive path with vehicles is not part of an accessible route.

- ❖ According to the California Building Code, it is not permissible to locate handicap-accessible parking stalls in locations where a person with disability is compelled to wheel or walk behind parked cars other than their own. CBC 1129B.3.3.
- ❖ Here, the failure to provide an accessible route is a violation of the law.
- ❖ The included photo of the Facility depicts the above violation.

4. Inaccessible Walkway:



- ❖ Nowhere shall the cross slope of an accessible route exceed 2.1%. 2010 Standards § 403.3.
- ❖ Here, the slopes along the walkways at Adamas Jewelers, Cost Plus

World Market, Las Palmas Mexican Seafood, M.Y.O Sushi and Crumbs Carnival Treats exceeded the levels allowed by law.

❖ The included photo of the Facility depicts the above violation.

5. Lack of Accessible Transaction Counter:



❖ Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards

§ 904.4 & 904.4.1.

- ❖ Here, no such accessible counter at Adamas Jewelers has been provided, in violation of the ADA.
- ❖ Here, no such accessible, compliant transaction counters have been provided at Las Palmas Mexican Seafood. This is a violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

6. Lack of Accessible Restroom Mirror:



- ❖ Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 2010

Standards § 603.3.
- ❖ Here, the mirror at Las Palmas Mexican Seafood and Crumbs Carnival Treats is mounted higher than the maximum permitted and is a violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

7. Lack of Accessible Restroom Sink:
- ❖ Sinks must provide knee clearance of at least 29 inches in height. 2010 Standards § 606.2 and § 306.
- ❖ Here, no such knee clearance is provided at Las Palmas Mexican Seafood and this is a violation of the ADA.

*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B.     Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code § 52(a); 54.3(a). "The statute lists actual damages and statutory damages as two separate categories of

damages that a plaintiff may recover." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).  The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 849-851 (9th Cir. 2004).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity. Thus, Plaintiff claims $4,000 in statutory penalties against the property owner, Meiloon Valley, LLC and $4,000 against the business, Kuan-Jung Lin; Kiet Tuan Huynh; RMB Management Group, Inc. and Ruth Wolman., for a sum total of $8,000. If this matter proceeds beyond mediation, Plaintiff will additionally be seeking damages for on-going deterrence.

### C.    Demand for Settlement of Case

First, to provide for van-accessible parking space, level parking, accessible route of travel, walkway, transaction counter and accessible restroom mirrors and sink at the Adamas Jewelers, Cost Plus World Market, Las Palmas Mexican Seafood, M.Y.O Sushi, Zendejas Mexican Restaurant and Crumbs Carnival Treats.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can

make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

    Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in damages and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: December 4, 2018                     CENTER FOR DISABILITY ACCESS

                                                  By: */s/ Dennis Price*
                                                  Dennis Price, Esq.
                                                  Attorney for Plaintiff